## CHARLES B. BENGLESDORF *vs.* JOSEPH B. HANWAY.

*Evidence of Collateral Fact to Contradict Witness.*

Where a witness has testified that a third person made to him certain statements of facts, it is not competent to contradict the witness by evidence that such occurrences did not take place.

Plaintiff contracted to grow tomatoes upon twenty acres and deliver the same to the defendant during a certain season. In an action for breach of the contract, plaintiff testified that defendant refused to accept any deliveries after a designated time. Defendant testified that plaintiff told him that he could make no more deliveries because his pickers refused to work according to his directions. *Held*, that it is not competent for the plaintiff to offer evidence in rebuttal to show that he had had no trouble with his workmen during that season.

Appeal from the Circuit Court for Harford County (WATTERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and BOND, JJ.

*John S. Young* and *J. J. Archer*, for the appellant.

*George L. Van Bibber* (with whom was *Willard G. Rouse* on the brief), for the appellee.

PAGE, J., delivered the opinion of the Court.

In this case three exceptions were taken, the first of which was abandoned at the argument.

The second exception arose as follows: The action was brought by the appellant to recover damages for breach of contract. There was no dispute at the trial that the appellant in the spring of 1896 contracted to grow and sell to the appellee twenty acres of tomatoes, to be delivered to and received by the appellee, at his canning-house, as they

ripened through the season.   It was charged in the decla-
ration that the appellant delivered a part of the crop, and
was ready and willing to deliver the balance, but the ap-
pellee failed and refused to accept or pay for any more.
The appellant, to sustain his case, offered evidence tending
to show the quantity of tomatoes raised, and that he made
deliveries of them at the canning-house,until the fourteenth of
September, and that on that day the appellee refused to accept
any more, alleging that he had decided to close his canning-
house on the Wednesday following, " as he was losing
money every day," and " not to bring any more tomatoes."
The appellee, on the other, having presented himself as a
witness, denied having had such a conversation and testified
that on the fourteenth day of September the appellant
brought a load of tomatoes, some of which were soft, and
that after some conversation about them, the appellee told
the appellant " to go home and pick good marketable
tomatoes, he would take all he had ;" to which the appellant
replied " that he could not get his pickers to pick the right
kind ; had been trying all the season to get them to pick
right, but could not do it, and he be d——d if he would
have another tomato picked ;" and that on the next day the
appellant was at the canning-house, but brought no toma-
toes, and the appellee asked him why he had brought none,
and appellant said he " be d——d if he could bring any
more, as his pickers would not pick right for him, and he
was going to turn his cows in on them, and was going to
plow them up ;" that he could bring no more ; and that
the appellee told the appellant that he would take all he
had, if he had any more ; but that appellee " never heard
afterwards that the appellent had any more."   After the
appellee had closed his evidence, the appellant again testi-
fied ; he denied the conversation referred to in the testimony
of the appellee, and then offered to further prove by him-
self, as a witness, that he never had any trouble with his
pickers during the season of 1896 about the way they
picked his tomatoes ; that they always picked satisfactorily,

and he never had any trouble with them about picking green or rotten tomatoes.   The refusal of the Court to allow this testimony to be given constitutes the second exception.

One of the defences set up by the pleas was that the appellant had refused and neglected to deliver the tomatoes. To sustain this, the appellee had testified to a conversation in which the appellant had said he could bring no more tomatoes, and gave as his reason therefor, that his pickers would not pick them properly ; and further, that in fact the appellee never heard afterwards that the appellant had any more.   The appellant denied having had such a conversation, or made the statement attributed to him.   The issue, therefore, raised by these conflicting statements, was, did or did not the appellee in fact make such a statement.   Under the pleadings it was wholly immaterial whether he had had trouble with his pickers, because the contract made it a duty upon him to deliver the tomatoes, no matter what the relations between himself and his pickers may have been. The evidence excluded by the ruling of the Court had no tendency to rebut the proof that had gone in; that there had been such a statement made by the appellant, and could therefore have no value in sustaining the denial ; that the appellant had not made such a statement.   Even if it be conceded that the appellant had had no trouble with his pickers, such fact would not warrant any inference, however slight, that the appellant did not make the statement to the appellee, in the absence of a concession that the appellant could not make a false statement.   It has never been held that the testimony of a witness, that another person has had a conversation with him in which certain facts were alleged, can be affected in its probative force by showing that the alleged facts are false.   The mere falsity of such facts would not raise the slightest presumption that such conversation never did occur.   The statement, as to the pickers, became admissible only as a part of the conversation in which the appellant had informed the appellee of his inability or at least his decision that he would deliver no more tomatoes.

The reason of such inability or decision could not deprive the appellee of such rights as he had under the contract, unless they were founded upon such facts as would constitute a legally sufficient ground upon which the appellant might be relieved from the duty of making further deliveries. The trouble with the pickers, if it existed, as we have said, would not be sufficient to discharge the appellant from the duty of fully completing his obligations according to the terms of the contract. It was entirely competent for the appellant to rebut in any proper manner, the fact alleged, that he had made such statements. That was relevant to the issues in the case, because, it could be presumed, that the conduct of the appellant may have been properly influenced by what the appellee said to him ; also, because it tended to explain to the jury why no more tomatoes were delivered to or received by the appellee.

It seems to us to be clear that the proposed evidence had no tendency to rebut anything that had come from the other side, and was also irrelevant to any of the issues in the cause. We may add that we have examined all of the cases to which we have been referred. None of them are pertinent to the case before us. They seem to go no further than to hold that a collateral fact may be offered in evidence whenever it tends to elucidate the inquiry, even though it be in a slight degree. For instance in *Stevenson* v. *Stewart*, 11 Pa. St. 307, which was an action on a single bill and the defence was forgery, the plaintiff was permitted to show that before and after the date of the bill the maker was trying to borrow money. It was contended that the legitimate conclusions to be drawn from this fact were too remote and fanciful to be admitted to show a probability that the signature of the maker was not forged. It was held by the Court that it was admissible, even though its probative force was extremely slight, it being enough if it tended even in a slight degree to assist to a determination founded in truth. In the case at bar, however, it cannot be perceived how the fact of the appellant's relations with his pickers has any

probative force whatever in determining the inquiry, whether there was in fact a conversation such as the appellee had testified to. The paragraph in *Abbott's Trial Ev.*, 649, is not supported by the case cited to maintain it. That case, *Melhuish* v. *Collier*, 15 Q. B. 878, is where a witness alleged a fact contrary to the interest of the party calling him, and it was held that such party could bring others to prove the opposite facts *"relevant* to the case."

The third exception presents the same question of law. After the Court had ruled upon the offer contained in the second exception the appellant offered to prove by the pickers themselves that they had never had any trouble with the appellant about the way they picked, &c. The Court refused to allow the evidence to be given. For the reasons stated in considering the second exception, we are of the opinion there was no error in this ruling.

It follows that the judgment must be affirmed.

*Judgment affirmed.*